**Dan Koo Yuk CHEN, an individual doing business as Hong Kong Plaza, and Paul Dan, an individual doing business as Hong Kong Plaza, Plaintiffs–Appellants,**

v.

**SCOTTSDALE INSURANCE COMPANY, an Ohio corporation, Defendant–Appellee.**

No. 99–55601.

D.C. No. CV–98–6693–TJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2000.

Decided Jan. 10, 2001.

Before PREGERSON, NOONAN, and SILVERMAN, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

MEMORANDUM*

Appellants Dan Koo Yuk Chen and Paul Dan ("the Dans") appeal the district court's order granting Appellee Scottsdale Insurance Company's motion for summary judgment and dismissing the Dans' motion for summary judgment. This court has jurisdiction to review the district court's final order under 28 U.S.C. § 1291. We affirm.

Because the parties are familiar with the facts, we will not set them out in detail. On appeal, the Dans argue that Scottsdale breached the covenant of good faith and fair dealing by settling the *Tong* action and thereby exhausting the policy limits. We disagree.

As California courts have explained, the implied covenant of good faith and fair dealing runs in favor of the insured; thus, generally, third party claimants, such as the Dans, may not bring an action for the breach of the covenant or its duties. *See Hand v. Farmers Ins. Exchange*, 23 Cal.App.4th 1847, 29 Cal. Rptr.2d 258, 261 (Cal.App.1994). However, under Section 11580 of the California Insurance Code, a third party claimant who receives a "final judgment" against the insured becomes a third party beneficiary to the insurance contract and may sue directly on its provisions, including the covenant of good faith and fair dealing. *Id.* at 264–265. In this context, "final judgment" means a final disposition from the highest reviewing court, or if no appeal is taken, the judgment becomes final upon the expiration of the appeal period. *See Hughes v. Mid–Century Ins. Co.*, 38 Cal. App.4th 1176, 45 Cal.Rptr.2d 302, 308 (Cal. App.1995).

of this circuit except as provided by Ninth Circuit Rule 36–3.

In the instant case, the Dans' judgment against Soundtek had not yet become final for the purposes of section 11580 when Scottsdale settled with the *Tong* plaintiffs. Scottsdale settled with *Tong* plaintiffs on March 10, 1998, long before the expiration of the time for appeal of the Dans' judgment against Soundtek. Lacking a final judgment, the Dans did not enjoy the rights and benefits under the policy. Therefore, like third party claimants generally, Scottsdale did not owe the Dans a duty of good faith and fair dealing when it settled the *Tong* claim.

AFFIRMED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.